**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey H Wilson, | No. CV-13-08240-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo Bank NA, | |
| Defendant. | |

Defendant Wells Fargo Bank, N.A. has filed a motion to dismiss Plaintiff Jeffery Wilson's cause of action for "mental anguish" pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 7. The motion is fully briefed and no party has requested oral argument. For the reasons that follow, the Court will deny the motion.

**I.   Background.**

Plaintiff obtained a loan from Defendant in February 2004 in the amount of $116,200, secured by real property located at 5823 West Tierra Buena Lane, Glendale, Arizona. Doc. 7 at 1-2. Defendant appointed First American Title Insurance Company as successor trustee in December 2006. *Id.* Plaintiff allegedly defaulted on his payment obligations several times, leading First American to record a Notice of Trustee's Sale on February 16, 2010. *Id.* The sale ultimately took place on December 14, 2010. *Id.*

Plaintiff alleges that he was not in default at the time of the Trustee's Sale and that the foreclosure was premature and unauthorized. Doc. 1-1, ¶ 8. The parties agree that Plaintiff received notice of the Trustee's Sale on December 28, 2010. *Id.*, ¶ 9; Doc. 7 at

2. Plaintiff asserts that on or about April 26, 2013, he received a payment of $6,000 from the Office of the Attorney General of the State of Arizona and then, on June 12, 2013, received a payment of $1,484.20 "from a National Mortgage Settlement from Consent Judgment (sic) dated 4/4/12 . . . for unlawful foreclosure actions[.]" *Id.*, ¶ 13. He further asserts that if he recovers from Defendant in this action "he will be required to reimburse the Arizona Attorney General office (sic) for the settlement he received." *Id.*

Plaintiff filed this complaint on July 21, 2013, asserting claims for unlawful foreclosure (Count One) and mental anguish (Count Two). *See* Doc. 1-1. Defendant has moved to dismiss Count Two on the ground that it is barred by the applicable statute of limitations. Doc. 7 at 1.

**II.    Legal Standard.**

When analyzing a complaint for failure to state a claim, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"If the running of the statute [of limitations] is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Even if the relevant dates in the complaint are

1 beyond the statutory period, however, the "'complaint cannot be dismissed unless it
2 appears beyond doubt that the plaintiff can prove no set of facts that would establish the
3 timeliness of the claim.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir.
4 1998) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir.
5 1995)).

**III.    Analysis.**

Defendant asserts that Plaintiff's mental anguish claim is subject to the two-year statute of limitations found in A.R.S. § 12-542, which provides that actions for "injuries done to the person of another" must be commenced and prosecuted within two years after the cause of action accrues.  Doc. 7 at 1.  A cause of action accrues under Arizona law "when one party is able to sue another."  *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 966 (Ariz. 1995).   "Under the 'discovery rule' a plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause."  *Id.*

Defendant argues that because Plaintiff admits receiving notice of the foreclosure in December 2010, his cause of action accrued at that time.  Doc. 7 at 3.  Defendant contends that "[a]s a result, the statute of limitations on these claims expired after December 2012, over seven months prior to the filing of Plaintiff's complaint[.]"  *Id* at 3-4.  Plaintiff responds that he is "basing the statute of limitation" on April 26, 2013, when "the Arizona Attorney General Office sent [him] a letter that we was receiving payment as a result of an agreement between federal banking regulators and Wells Fargo in connection with enforcement action related to deficient mortgage servicing and foreclosure process (sic throughout)."  Doc. 14 at 2.  Plaintiff also argues that the Arizona Attorney General's office was conducting an ongoing investigation and that he filed this action "within a few days of receiving the letter" from that office.  *Id.*  Thus, Plaintiff appears to argue that his cause of action for mental anguish did not accrue until he received the settlement letter in April 2013.

It appears that the "mental anguish" alleged in Plaintiff's complaint was triggered

- 3 -

by the December 2010 Trustee's Sale, but Plaintiff also alleges that he received a letter regarding "unlawful foreclosure actions" and a check in April 2013. Doc. 1-1, ¶ 13. Although Defendant argues that "Plaintiff does not explain how any such letter prevented him from filing his lawsuit within the two-year applicable limitations period," (Doc. 15 at 2), it is possible that Plaintiff could prove that he was unaware that the foreclosure was unlawful until he received the April 2013 letter. Many people likely feel mental anguish from a lawful Trustee's Sale. Plaintiff may not have known that his mental anguish was caused by Defendant's unlawful actions, and that he had a right to sue, until he received the notice in 2013. Because Plaintiff may be able to prove a set of facts that will establish the timeliness of his claim, Defendant's motion will be denied.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 7) is **denied**.

Dated this 18th day of February, 2014.

_____
David G. Campbell
United States District Judge